UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL C. O'NEILL d/b/a DESIGN
SOLUTIONS, LTD.,

          Plaintiff,

v.                                                  Case No.  5:05-cv-351-Oc-10GRJ

HAMILTON PRODUCTS, INC.,

          Defendant.
_____/

## ORDER

Pending before the Court is Plaintiff's Motion To Remand To The Fifth Judicial Circuit For Marion County, Florida And Motion To Stay Until Resolution Of The Instant Motion. (Doc. 5.)  The Defendant has not filed a response and the time for doing so has passed. On November 2, 2005 the Court held a hearing to address the motion. For the following reasons, Plaintiff's Motion to Remand is due to be **GRANTED**.

## I. BACKGROUND

On June 28, 2005 Plaintiff filed a complaint (Doc. 2) in the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, alleging claims for unjust enrichment, breach of a licensing agreement, negligent misrepresentation, and fraudulent misrepresentation. Plaintiff requests damages and injunctive relief. On August 3, 2005 Defendant timely removed this action to federal court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Thereafter, on August 23, 2005 Plaintiff filed the instant Motion to Remand.

In his Complaint, Plaintiff avers that he is a resident of Georgia and that the Defendant is a "corporation duly organized and existing under the laws of the State of Florida."[1] Plaintiff also alleges that the Defendant's "primary place of business is Marion County, Florida." In its Notice of Removal (Doc. 1), Defendant alleges that it is actually a Michigan corporation. As support for this assertion, the Defendant represents that it has attached to its Notice of Removal as Exhibit "D" a print-out from the web page of the Michigan Department of Labor and Economic Growth (the "Michigan Web Page"), purporting to show that the Defendant is a Michigan corporation.[2] A review of the Michigan Web Page discloses that the Defendant, Hamilton Products, Inc. was incorporated in the State of Michigan on June 21, 1983 and that it is active. The copy of the Michigan Web Page bears a date of July 22, 2005. Accordingly, as of that date the Defendant was a Michigan corporation. Defendant has also conceded that its principal place of business is in Marion County, Florida. (Doc. 7.)

## II. DISCUSSION

It is "by now axiomatic that the inferior federal courts are courts of limited jurisdiction," empowered "to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution and which have been entrusted

---

[1] Doc. 2, ¶2.

[2] The docket does not reflect that Defendant has attached any document to its Notice of Removal. However, attached to the Complaint (Doc. 2) as Part 2, State Court Record, are a number of documents, one of which appears to be the web page from the Michigan Department of Labor and Economic Growth referenced by Defendant in its Notice of Removal. The Court will therefore assume that this is the same document.

to them by a jurisdictional grant authorized by Congress."[3]  A defendant may "remove a case to federal court only if the district court could have had jurisdiction over the case had the case been brought there originally."[4]  District courts have original jurisdiction over diversity cases, pursuant to 28 U.S.C. § 1332, and cases "arising under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331.

Where a plaintiff has objected to a defendant's removal, the burden of proof is on the defendant, as the removing party, to establish the jurisdiction of the district court.[5]  If at any time it appears that the district court lacks subject matter jurisdiction in a case, the case "shall be remanded to the state court from whence it came."[6]  Moreover, in examining the basis for jurisdiction in a case and determining whether the court has subject matter jurisdiction, district courts are encouraged to resolve all doubts about jurisdiction in favor of remand to state court.[7]

A defendant may "remove a case to federal court only if the district court could have had jurisdiction over the case had the case been brought there originally."[8]  Where, as here, a plaintiff has objected to a defendant's removal, the burden of proof is on the defendant, as the removing party, to establish the jurisdiction of the district

---

[3] University of South Alabama v. The American Tobacco Company, 168 F.3d 405, 409 (11th Cir. 1999).

[4] Whitt v. Sherman International Corp., 147 F.3d 1325, 1329 (11th Cir. 1998).

[5] Diaz v. Sheppard, 85 F. 3d 1502, 1505 (11th Cir. 1996).

[6] University of South Alabama, 168 F.3d at 410 (internal citations omitted).

[7] *Id.* at 411.

[8] Whitt, 147 F.3d at 1329.

court.[9]  If at any time it appears that the district court lacks subject matter jurisdiction in a case, the case "shall be remanded to the state court from whence it came."[10] Moreover, in examining the basis for jurisdiction in a case and determining whether the court has subject matter jurisdiction, district courts are encouraged to resolve all doubts about jurisdiction in favor of remand to state court.[11]

Defendant bases its removal of this case solely on diversity of citizenship. Under 28 U.S.C. § 1332(c)(1) "a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business ... " Accordingly, even if the Defendant is a Michigan corporation - as alleged by Defendant - and not a Florida corporation (as Plaintiff contends), the Defendant is also a citizen of the state of Florida where it has its principal place of business. Accordingly, as a citizen of Florida the Defendant is prohibited by 28 U.S.C. § 1441(b) from removing this action to federal court. Because the Defendant has failed to meet its burden of showing that this action was properly removed, the matter is due to be remanded to state court pursuant to 28 U.S.C. § 1447.

At the hearing held on November 2, 2005, the Court also addressed Plaintiff's Motion For Leave To File An Amended Notice of Removal. (Doc. 8.) In the Amended Notice of Removal, Plaintiff contends that this Court has subject matter jurisdiction under 28 U.S.C. §2201, the Federal Declaratory Judgment Act and pursuant to 28 U.S.C. § 1338, which provides this Court with exclusive jurisdiction over "any civil action

---

[9] Diaz, 85 F. 3d at 1505.

[10] University of South Alabama, 168 F.3d at 410 (internal citations omitted).

[11] *Id.* at 411.

arising under any Act of Congress relating to patents ... " As discussed at the hearing, the only claims in this case under the Federal Declaratory Judgment Act or 28 U.S.C. § 1338 are those alleged by Plaintiff in its counterclaim. The law is well settled that where as here, there is no federal question presented on the face of the complaint a defendant cannot make a suit removable by allegations in his defenses[12] or by allegations in a counterclaim.[13] Thus, even though the Defendant has alleged a claim for invalidity of the patent involved in this case in his counterclaim, that claim cannot be used to provide this Court with removal jurisdiction over Plaintiff's claims. If Defendant wishes to file an original action in federal court requesting that the Court declare Plaintiff's patent invalid, he may do so, but that right does not change the fact that this case is due to be remanded.

Further, Defendant suggested at the hearing that even though the Plaintiff's complaint - which alleges claims for unjust enrichment, breach of contract and negligent and fraudulent misrepresentation - does not contain a claim arising under the patent laws, the Court should, nonetheless, assume jurisdiction because the patent is a central ingredient in the dispute between the parties. While that may be so, suits on a contract about a patent may be heard by state courts in contrast to suits on a patent, which are

---

[12] Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc., 182 F.3d 851, 854 (11th Cir. 1999)("The presence of a federal defense does not make the case removable ...").

[13] Stone v. Williams, 792 F.Supp. 749, 753 (M.D. Ala. 1992)("A federal question raised by the defendant in a counterclaim does not furnish an independent basis for removal jurisdiction."); *see also,* First Guaranty Bank & Trust Co. v. Reeves, 86 F.Supp. 2d 1147, 1154 (M.D. Fla. 2000)(J. Nimmons)("[t]he Supreme Court and Eleventh Circuit have consistently considered only the complaint when determining federal question. They have steadfastly refused to consider any subsequent pleading which may affect the complaint-both in the context of establishing removal jurisdiction and attempting to destroy removal jurisdiction.").

exclusively within the jurisdiction of federal courts.[14] Thus, where claims, as here, are made for breach of an agreement or fraud with regard to an agreement concerning patent rights, the case does not "arise under" the patent laws even though the subject matter of the agreement relates to patent rights.[15]

Because the claims in the Complaint do not arise under § 1338 it would be a futile exercise to grant the Defendant leave to file the Amended Notice of Removal. Accordingly, Defendant's Motion For Leave To Amend Notice of Removal (Doc. 8) is due to be **DENIED**.[16]

Additionally, the Defendant and Plaintiff advised the Court at the hearing that the parties had agreed to the amount of attorney's fees payable to Plaintiff as a result of the improper removal of this action. The parties agreed that Defendant would pay the sum of $1,500.00, which the Court concurs is a reasonable sum to compensate the Plaintiff for the improper removal. Therefore, as part of the order remanding this action, the Court finds that it is appropriate pursuant to 28 U.S.C. § 1447(c) for Defendant to pay to Plaintiff the attorney's fees he incurred in the stipulated amount.[17]

---

[14] 13B Wright, Miller & Cooper, *Federal Practice And Procedure* § 3582.

[15] *See, e.g.* Tjaarda v. Briggs Mfg. Co., 121 F. Supp. 189 (E.D. Mich. 1954); Parissi v. General Electric Co., 97 F. Supp. 333 (N.D. N.Y. 1951).

[16] Indeed, at the hearing the Defendant did not challenge the fact that the Court would not have subject matter jurisdiction, if the Plaintiff was permitted to amend the notice of removal. Further, if the Court had permitted the Defendant to file the amended notice of removal, the Plaintiff concurred that he would file another motion to remand. In that event the Defendant could be responsible for the payment of additional attorney's fees once the Court issued its order remanding the action based on the amended notice of removal.

[17] At the hearing, counsel for Defendant graciously advised the Court that his firm already has tendered a check to Plaintiff's counsel in the sum of $1,500.00.

Lastly, in order to expedite the process of remanding this action to state court, the parties consented and stipulated at the hearing that the Court could issue its ruling remanding this action to state court in the form of an order, rather than issuing a report and recommendation to the District Judge recommending that the case be remanded.

In view of the foregoing, Plaintiff's Motion to Remand (Doc. 5) is **GRANTED** and this case is remanded to the Circuit Court for the Fifth Judicial Circuit in and for Marion County, Florida. Pursuant to 28 U.S.C. § 1447(c), the Clerk is directed to mail a certified copy of this Order of remand to the Clerk of the Fifth Judicial Circuit Court in and for Marion County, Florida, and to close the file on this matter.

**IN CHAMBERS** in Ocala, Florida, on this 2nd day of November, 2005.

GARY R. JONES
United States Magistrate Judge

Copies to:
    All Counsel
    Clerk